IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                              Case No. 4:18-cr-00620 KGB

ADRIAN DEVAWN NEAL                                                    DEFENDANT

## ORDER

Pending is defendant Adrian Devawn Neal's motion to suppress (Dkt. No. 26).   The government filed a response and an amended response to the motion to suppress (Dkt. Nos. 27, 28).  The Court conducted a hearing on the motion on November 19, 2020, at which time the Court heard testimony and argument (Dkt. No. 33, 34).  For the following reasons, the Court denies Mr. Neal's motion to suppress (Dkt. No. 26).

### I.      Factual Background

The Court heard testimony from James Edwards, a North Little Rock Police Department ("NLRPD") Officer.  At the time of his testimony, Officer Edwards had worked for the NLRPD for four years; he worked two and a half years with the street crimes unit, which is a gang unit.  He was working with that unit in June 2018.

On June 6, 2018, Officer Edwards conducted a traffic stop of Mr. Neal, which is the subject of Mr. Neal's motion to suppress.  Officer Edwards testified that, prior to the traffic stop, he had identified Mr. Neal as a possible narcotics dealer and begun investigating Mr. Neal.  Officer Edwards determined that Mr. Neal was on parole in Arkansas.  In March or April 2018, Officer Edwards conducted a search of Mr. Neal's listed parole address.  Officer Edwards determined for specific reasons about which he testified that, although Mr. Neal may have stayed at the listed parole address sometimes, Mr. Neal did not live at the listed parole address.

Instead, based on further investigation and observation, Officer Edwards determined that Mr. Neal lived at 1919 West 18th Street with his girlfriend.  Officer Edwards observed frequently a silver car at the West 18th Street residence, observed Mr. Neal driving the car, and determined that the car was registered to Mr. Neal's sister.  Officer Edwards observed Mr. Neal at the 1919 West 18th Street residence.  Officer Edwards also determined, prior to June 6, 2018, that Mr. Neal had a warrantless search waiver on file (Gov. Ex. 1).  Officer Edwards testified that Mr. Neal also had a suspended driver's license.

On June 6, 2018, Officer Edwards was on patrol and saw Mr. Neal in the silver car driving southbound on Pike Avenue.  Officer Edwards observed Mr. Neal cut through a parking lot at 18th Street and Pike Avenue to avoid the red light and intersection and then head westbound on 18th Street.  Officer Edwards followed Mr. Neal for a period of time and testified that he observed Mr. Neal drive left of center, over the yellow line, while traveling down 18th Street.  Officer Edwards initiated a traffic stop and pulled over Mr. Neal at 1919 West 18th Street.

The stop occurred around 5:00 p.m.  According to Officer Edwards, the skies were clear, and the weather was good that day.  Officer Edwards testified that he pulled Mr. Neal over because Mr. Neal's license was suspended, Officer Edwards observed Mr. Neal avoid the intersection at 18th Street and Pike Avenue, and Officer Edwards observed Mr. Neal drive left of center.  Further, according to Officer Edwards, Mr. Neal had a defective windshield.

Based upon the testimony presented, Officer Edwards included in his written report only that he observed Mr. Neal go left of center.  The Court observed video of the stop (Gov. Ex. 2).  Officer Edwards conceded that it is difficult to see on the video what Officer Edwards alleges with respect to Mr. Neal going left of center, but Officer Edwards explained that he could clearly see the violation on the day he initiated the traffic stop.  Officer Edwards acknowledged that he did

not include in his written report of the incident that he was working the street crimes unit, that he had been investigating Mr. Neal for some time, that he knew Mr. Neal had a parole search waiver on file, or even that Mr. Neal cut through the parking lot to evade the intersection at 18th Street and Pike Avenue.  Further, Officer Edwards admitted that his report recites that, only after he stopped Mr. Neal, did he run his license and discover he had a suspended license.

Officer Edwards testified that, as he approached the driver's side of Mr. Neal's car after the stop, he could smell a strong odor of marijuana.  Given that and what he knew of Mr. Neal's background, Officer Edwards asked Mr. Neal to exit the vehicle, placed him in handcuffs, and searched Mr. Neal's vehicle.  Officer Edwards located multiple different types of narcotics in the vehicle.  At some point, Officer Edwards put Mr. Neal into the backseat of his patrol car.

According to Officer Edwards, Mr. Neal said at the time of the stop that he lived at the 1919 West 18th Street address and that he was home.  Officer Edwards testified that his sergeant grabbed Mr. Neal's keys, which had a key to the house at 1919 West 18th Street; went inside the house; and conducted a parole search.  According to Officer Edwards, the other officers found mail with Mr. Neal's information on it as well as his parole paperwork, among other things, in the residence at 1919 West 18th Street.

## II.    Legal Analysis

In his motion to suppress, Mr. Neal challenges first his arrest for allegedly driving left of center (Dkt. No. 26, at 1, ¶ 1).  The evidence before the Court, viewed objectively and from the perspective of a reasonable officer on the scene, supports that Mr. Neal committed a traffic offense before being stopped on June 6, 2018.  Probable cause that a driver has committed any traffic violation, no matter how minor, provides sufficient justification under the Fourth Amendment to stop a vehicle and handcuff and arrest the driver.  *Atwater v. City of Lago Vista*, 532 U.S. 318,

354–55 (2001).  The officer's subjective motivation is irrelevant.  *Brigham City v. Stuart*, 547 U.S. 398 (2006).  Even if the officer was influenced by an impermissible motive, a traffic stop does not violate the driver's rights under the Fourth Amendment to be free from unreasonable seizures, as long as the circumstances, viewed objectively, justified the seizure.  *Id.*; *Whren v. United States*, 517 U.S. 806, 813 (1996).  The evidence supports that Mr. Neal traveled through a parking lot to avoid the intersection at 18th Street and Pike Avenue.  Further, Officer Edwards testified that Mr. Neal traveled left of the center line.  It is unclear on this record when Officer Edwards learned of Mr. Neal's suspended driver's license, given the discrepancy between Officer Edwards's testimony at the hearing and what he admitted about the content of his written report.

Next, Mr. Neal in his motion to suppress challenges the warrantless search of the vehicle Mr. Neal was driving at the time of the stop (Dkt. No. 26, at 1, ¶ 2).  If an officer's suspicions become heightened during the course of a routine traffic stop, the officer may be justified in expanding the scope of the investigation.  *United States v. Coleman*, 700 F.3d 329, 335 (8th Cir. 2012) ("[I]f the officer develops reasonable suspicion that other criminal activity is afoot, the officer may expand the scope of the encounter to address that suspicion.").  More specifically, "[i]f during a traffic stop, an officer develops a reasonable, articulable suspicion that a vehicle is carrying contraband, he has justification for greater intrusion unrelated to the traffic offense." *United States v. White*, 42 F.3d 457, 460 (8th Cir. 1994).

Even absent the additional reason, an officer may order both the driver and passenger to exit the vehicle in the interests of officer safety during a routine traffic stop.  *Maryland v. Wilson*, 519 U.S. 408, 413–15 (1997); *Pennsylvania v. Mimms*, 434 U.S. 106, 111–12 (1977). Additionally, the Supreme Court has observed that, during a routine traffic stop, police officers "may order out of a vehicle both the driver and any passengers [and] perform a 'patdown' of a

driver and any passengers upon reasonable suspicion that they may be armed and dangerous." *Knowles v. Iowa*, 525 U.S. 113, 118 (1998).  The smell of marijuana can support, at a minimum, a finding of reasonable suspicion to detain a suspect.  *See United States v. Barry*, 394 F.3d 1070, 1078 (8th Cir. 2005) (finding that officer who smelled marijuana and air freshener inside vehicle "had, at a minimum, reasonable suspicion to detain" the suspect); *United States v. Gipp*, 147 F.3d 680, 685 (8th Cir. 1998) (holding that officer had particularized and objective basis for suspecting individual had recently engaged in criminal activity after smelling burnt marijuana emanating from individual's clothes and car); *see also United States v. Chauncey,* 420 F.3d 864, 870–71 (8th Cir. 2005) (finding that probable cause existed to arrest driver when marijuana was discovered on passenger because evidence, including the smell of marijuana, indicated that "drug-related activity in the van was open and notorious"); *United States v. Reed*, 733 F.2d 492, 505 (8th Cir. 1984) (finding that sight and smell of marijuana supported probable cause to arrest suspect).  Further, the smell of marijuana can support probable cause for a warrantless automobile search.  *See United States v. Caves*, 890 F.2d 87 (8th Cir. 1989) (examining this issue and collecting cases).

The evidence before the Court is that Officer Edwards, as he approached the driver's side of Mr. Neal's car after the stop, could smell a strong odor of marijuana.  Given that and what he knew of Mr. Neal's background, Officer Edwards asked Mr. Neal to exit the vehicle, placed him in handcuffs, and searched Mr. Neal's vehicle.  Officer Edwards located multiple different types of narcotics in the vehicle.

Mr. Neal also challenges the warrantless search of the residence at 1919 West 18th Street (Dkt. No. 26, at 1, ¶ 3).  Mr. Neal does not dispute that, as a condition of his Arkansas parole, he executed a warrantless search waiver nor does he contest the terms of that waiver (Gov. Ex. 1). The evidence before the Court supports that Mr. Neal did not reside at the listed parole address on

file but instead resided at the 1919 West 18th Street address at the time of the June 6, 2018, stop and search of that residence.  This evidence includes Officer Edwards' prior search of the listed parole address and a determination that Mr. Neal did not reside at the listed parole address; the statements Officer Edwards reported that Mr. Neal made at the scene of the stop about his home; that Mr. Neal had a key with his keys to the 1919 West 18th Street address; and that Mr. Neal's mail, parole paperwork, and other effects were located inside the 1919 West 18th Street address.

**III.     Conclusion**

For all of these reasons, the Court denies Mr. Neal's motion to suppress (Dkt. No. 26).

Dated this 17th day of December 2020.

Kristine G. Baker
United States District Judge